IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R&D WORKSHOP, LLC | § |
| | § |
| | §   CIVIL ACTION NO. _____ |
| VS. | § |
| | § |
| JUSTIN BAILEY | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, R&D WORKSHOP, LLC (hereafter "R&D" or "Plaintiff"), and files this Original Complaint against JUSTIN BAILEY (hereafter "Bailey" or "Defendant"), as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 8,132,380 entitled "Trim-A-Slab". A copy of the Trim-A-Slab patent is attached hereto as Exhibit "A". Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff, R&D is a limited liability company organized and existing under the laws of Texas with its principal place of business at 2629 Natchez Court, League City, Texas 77573.

3. Upon information and belief, Defendant Bailey is a resident of League City, Galveston County, Texas and may be served by delivering a copy of this Complaint, pursuant to Rule 4 of the Federal Rules of Civil Procedure, to him at 5107 Sandy Meadow Lane, League City, Galveston County, Texas 77573.

**JURISDICTION AND VENUE**

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because Defendant has minimum contacts within the State of Texas, and the Southern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Southern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; upon information and belief, Defendant regularly conducts business within the State of Texas and within the Southern District of Texas; and, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Southern District of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells and/or advertises its products and services in the United States, the State of Texas, and the Southern District of Texas. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Southern District of Texas, has contributed to patent infringement in the State of Texas and in the Southern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Southern District of Texas. Defendant solicits customers in the State of Texas and in the Southern District of Texas. Defendant has many paying customers who are residents of the State of Texas and the Southern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Southern District of Texas.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391 and 1400(b).

## PATENT INFRINGEMENT

8. United States Patent No. 8,132,380 entitled "Trim-A-Slab" was duly and legally issued by the United States Patent and Trademark Office on March 13, 2012, after full and fair examination. This U.S. Patent was issued to Robert Wilkes, Jr.

9. Upon information and belief, and based on advertising located on the internet, Defendant has infringed and continues to infringe one or more claims of Plaintiff's patent by making, using, providing, offering to sell and selling (directly or through intermediaries) in this District and elsewhere in the United States a product that he calls "Gap Armour". Upon information and belief Gap Armour is manufacturing or acquiring a product using the same patented systems or components of Plaintiff's patent. Specifically, Defendant is infringing on Plaintiff's patent both by manufacturing a product whose configuration is the same or similar to Plaintiff's patent and/or Defendant is marketing his product utilizing the same features and descriptive terms and instructions as well as the benefits and uses of the product.

10. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

12. Defendant's infringement of Plaintiff's exclusive rights under the Trim-A-Slab will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## JURY DEMAND

13. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court find in its favor against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of Trim-A-Slab patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

C. That one or more of Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of his action, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of a temporary injunction and on final hearing a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Trim-A-Slab patent;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,

**DONATI BRASHEAR** *Law Firm*

By: */s/ Keith S. Donati*
_____
KEITH S. DONATI
ksdonati@dblawfirm.com
State Bar No. 05973100
410 W. Grand Parkway S., Ste. 104
Katy, Texas  77494
Phone:   281-994-4034
Fax:   281-994-4033

ATTORNEY FOR PLAINTIFF

5